IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH DEAN DAWSON,

      Plaintiff,                     No. CIV S-08-2754 FCD GGH P

    vs.

BARACK H. OBAMA, et al.,

      Defendants.          <u>ORDER &</u>

                                                <u>FINDINGS AND RECOMMENDATIONS</u>

        /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff alleges that President Barack Obama was a born in a foreign country and as such is not eligible to hold the position of President of the United States.  Plaintiff has suffered no cognizable injury and lacks Article III standing.  See, Cohen v. Obama, 2008 WL 5191864 (D.D.C. 2008); Hollander v. McCain, 566 F. Supp. 2d 63, 68-69 (D.N.H. 2008).

Because this court cannot discern any manner by which plaintiff could cure the defects of this complaint, the undersigned must recommend summary dismissal of this action.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458,

460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend.") See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile.

For the reasons set forth above, this court finds itself without jurisdiction, with defects for which no amount of amendment could provide a cure, and for which the undersigned must recommend dismissal.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be summarily dismissed and this case be closed.

\\\\\

| | |
|---|---|
| 1 | These findings and recommendations will be submitted to the United States |
| 2 | District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within |
| 3 | twenty days after being served with these findings and recommendations, petitioner may file |
| 4 | written objections with the court. The document should be captioned "Objections to Findings |
| 5 | and Recommendations." Petitioner is advised that failure to file objections within the specified |
| 6 | time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 |
| 7 | (9th Cir. 1991). |

DATED: March 2, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:AB
daws2754.dis